IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.

JAN 28 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

DOCKET NO. 1:08CR40

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (3) RUSSELL LEE MOSTELLER ) | |
| ) | |
| Defendant. ) | |

WHEREAS, the defendant EDWARD BLAINE MINTZ has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 18 U.S.C. § 1955(d), 21 U.S.C. § 853, 18 U.S.§ 2253, 26 U.S.C. § 5872, and/or 28 U.S.C. § 2461(c);

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

6 Winchster-Western 9mm rounds;
42 Winchester-Western .380 caliber rounds;
15 Winchester-Western .25 caliber rounds;
Mossberg 500A Shotgun, 12 gauge, sn: T001746;
Maverick Arms 88 Shotgun, 12 gauge, sn: MV24355C;
Mossberg 88 Shotgun, 12 gauge, sn: MV91061L;
New England Firearms Pardner Shotgun, 20 gauge, sn: NT351647;
Savage 94F Shotgun, 16 gauge, sn: none;
Savage 94 Shotgun, 12 gauge, sn: D613217;
Remington Arms Company, Inc. Sportsman 58 Shotgun, 12 gauge, sn: 6049543;
Remington Arms Company, Inc. Sportsman 58 Shotgun, 12 gauge, sn: 207031V;
Keystone Sporting Arms Rifle, .22 caliber, sn: 22864;
Unknown Manufacturer 116MKI Rifle, .22 caliber, sn: A289329;
Unknown Manufacturer Rifle, .762 caliber, sn: C26054;
Unknown Manufacturer 116MKI Rifle, .22 caliber, sn: A319410;
Unknown Manufacturer Rifle, unknown caliber, sn: VT785;
Davis Industries P380 Pistol, .380 caliber, sn: AP292268;
Browning BD380 Pistol, .380 caliber, sn: MM45108;
Maadi Company Pistol, 9mm, sn: 1120457;
Ruger P89 Pistol, 9mm, sn: 31080176;
Hipoint 995 Rifle, 9mm, sn: E03152;
Winchester 1300 Shotgun, 12 gauge, sn: L3570029;
All seized on July 19, 2007.

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

*signature*
JILL WESTMORELAND ROSE
Assistant United States Attorney

*signature*
RUSSELL LEE MOSTELLER
Defendant

*signature*
JACK W. STEWART, JR.
Attorney for Defendant

Signed this the 28th day of January, 2009.

*signature*
UNITED STATES DISTRICT JUDGE